IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**ANTHONY HOGAN and CASSANDRA HOGAN, Each Individually and on Behalf of All Others Similarly Situated**                                                            **PLAINTIFFS**

vs.                                    No. 6:20-cv-6130-RTD

**HOT SPRINGS NURSING AND REHABILITATION – A WATERS COMMUNITY, LLC**                                                                                **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiffs Anthony Hogan and Cassandra Hogan (collectively "Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorneys April Rhéaume and Josh Sanford of Sanford Law Firm, PLLC, and for their Original Complaint—Collective Action ("Complaint") against Defendant Hot Springs Nursing and Rehabilitation – A Waters Community, LLC ("Defendant"), they state and allege as follows:

### I.    PRELIMINARY STATEMENTS

1.    This is a collective action brought by Plaintiffs, each individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), and the overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq*. ("AMWA").

2. Plaintiffs seek a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay proper overtime compensation under the FLSA and the AMWA.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. The acts complained of herein were committed and had their principal effect against Plaintiffs within the Hot Springs Division of the Western District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

6. Plaintiff Anthony Hogan ("A. Hogan") is an individual and resident of Garland County.

7. Plaintiff Cassandra Hogan ("C. Hogan") is an individual and resident of Garland County.

8. Defendant is a domestic limited liability company.

9. Defendant's registered agent for service of process is Capitol Corporate Services, at 300 South Spring Street, Suite 900, Little Rock, Arkansas 72201.

## IV.   FACTUAL ALLEGATIONS

10. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

11. Within the three years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

12. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as medical supplies.

13. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

14. Defendant is an employer within the meaning of the FLSA and has been, at all times relevant herein, Plaintiffs' employer.

15. Defendant owns and operates a nursing home in Hot Springs.

16. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA.

17. Defendant employed A. Hogan as a Certified Nursing Assistant ("CNA") and Restorative Aide from May of 2019 until September of 2020.

18. Defendant employed C. Hogan as a CNA from April of 2017 to the present.

19. Defendant classified Plaintiffs as hourly employees, non-exempt from the overtime requirements of the FLSA.

20. Defendant also employed other CNAs.

21. Defendant also classified other CNAs as hourly employees, non-exempt from the overtime requirements of the FLSA.

22. Plaintiffs were primarily responsible for taking care of patients, including bathing them, feeding them and taking care of their sanitary needs.

23. Other CNAs had the same or similar duties as Plaintiffs.

24. As a Restorative Aide, A. Hogan additionally guided patients through physical therapy exercises.

25. Defendant directly hired Plaintiffs and other CNAs, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

**A.     Bonuses—Regular Rate Violation**

26. In addition to their hourly wage, Plaintiffs received weekly bonuses based on attendance and timely clock-ins ("attendance bonuses").

27. In July of 2020, Plaintiffs received a bonus for working during the COVID-19 pandemic ("Covid bonus"). Plaintiffs were told in advance that they would receive this bonus if they remained employed with Defendant.

28. Other CNAs also received weekly attendance bonuses and Covid bonuses.

29. These attendance bonuses were nondiscretionary because Defendant informed CNAs of the bonuses upon hiring, the CNAs expected to receive these bonuses and did in fact receive the bonuses on a regular basis.

30. Upon information and belief, all or most CNAs receive weekly attendance bonuses, and the CNAs who worked during or after April or May of 2020 also received the Covid bonuses.

31. Defendant informs CNAs of the bonuses upon hiring because the bonuses are part of Defendant's compensation package and CNAs expect to receive the bonuses.

32. Plaintiffs and other CNAs regularly worked in excess of forty hours per week throughout their tenure with Defendant.

33. Defendant paid Plaintiffs and other hourly employees 1.5x times their base hourly rate for the hours they worked over 40 in a workweek.

34. However, Defendant did not include the bonuses that were paid to Plaintiffs and other CNAs in their regular rates when calculating their overtime pay even though Plaintiffs and other CNAs received bonuses in pay periods in which they also worked in excess of forty hours per week.

35. Section 778.208 of Title 29 of the Code of Federal Regulations requires that all forms of compensation, such as nondiscretionary bonuses, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

36. Defendant violated the FLSA and AMWA by not including all forms of compensation, such the nondiscretionary bonuses of Plaintiffs and other CNAs, in their regular rate when calculating their overtime pay.

37. Upon information and belief, Defendant's pay practices were the same for all CNAs who received bonuses.

38. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiffs and other CNAs violated the FLSA and AMWA.

**B.     Rounding—Off the Clock Work**

39. Plaintiffs and other CNAs recorded their hours worked via an electronic time clock, which logged their hours into a payroll system maintained by Defendant.

40. Upon information and belief, Defendant rounded hours worked by Plaintiffs and other CNAs in Defendant's favor by rounding down in fifteen to twenty-minute increments.

41. For example, if a CNA clocked in at 7:45 am, Defendant recorded the CNA's start time as 8:00 am. Likewise, if a CNA clocked out at 5:15 pm, Defendant recorded the CNA's end time as 5:00 pm.

42. Specifically, on at least one occasion, A. Hogan clocked out at 11:25 pm and his clock-out time rounded down to 11:00 pm.

43. Defendant's rounding practice resulted in hours worked by CNAs which went unrecorded and uncompensated.

44. Because Plaintiffs and other CNAs regularly worked over forty hours in a week, the hours which went uncompensated due to Defendant's rounding practices created additional overtime violations.

45. Defendant knew or should have known that Plaintiff and other CNAs were working hours off-the-clock for which they were not compensated.

46. Upon information and belief, Defendant's clock-in and rounding policies were the same for all CNAs.

47. At all relevant times herein, Defendant has deprived Plaintiffs and other CNAs of proper overtime compensation for all of the hours worked over forty per week.

48. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiffs and other CNAs violated the FLSA and AMWA.

### C. Donning and Doffing—Off the Clock Work

49. Beginning in June or July of 2020, Plaintiffs and other CNAs were required to don personal protective equipment ("PPE") before clocking in.

50. This PPE consisted of booties, gloves, gown jackets, goggles, shields and masks.

51. Additionally, Plaintiffs and other CNAs were required to have their temperature taken before entering the building.

52. Defendant required CNAs to don PPE and to have their temperature taken before clocking in.

53. Plaintiffs spent up to 25 minutes each morning donning PPE and having their temperature taken before they were allowed to clock in.

54. Other CNAs spent a similar amount of time donning and doffing PPE.

55. Plaintiffs and other CNAs were not paid for the time spent donning and doffing their PPE.

56. Because Plaintiffs and other CNAs regularly worked over forty hours in a week, the hours they spent donning and doffing PPE which went uncompensated created additional overtime violations.

57. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiffs and other CNAs violated the FLSA and AMWA.

### D. Staff Meetings—Off the Clock Work

58. Defendant regularly held "in-service meetings" which Plaintiffs and other CNAs were required to attend.

59. Plaintiffs and other CNAs were not permitted to clock in before these meetings, and the time they spent at these meetings went unrecorded and uncompensated.

60. Plaintiffs estimate they spent approximately one hour per week at the in-service meetings.

61. Because Plaintiffs and other CNAs regularly worked over forty hours in a week, the hours they spent at Defendant's in-service meetings which went uncompensated created additional overtime violations.

### E.     Restorative Aide Duties—Off the Clock Work

62. A. Hogan regularly worked hours which went unrecorded and uncompensated.

63. A. Hogan was required to spend approximately one to three hours per week meeting with Defendant about patients' care plans and any changes to patients' therapy.

64. Additionally, A. Hogan spent approximately fifteen to twenty hours total training to become a Restorative Aide which also went unrecorded and uncompensated.

65. Because A. Hogan regularly worked over forty hours in a week, the uncompensated hours he spent training and meeting with Defendant about patients created additional overtime violations.

66. Defendant knew, or showed reckless disregard for whether, the way it paid A. Hogan violated the FLSA and the AMWA.

### V.     REPRESENTATIVE ACTION ALLEGATIONS

67. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

68.     Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A.     Overtime premiums for all hours worked over forty hours in any week;

    B.     Liquidated damages; and

    C.     Attorney's fees and costs.

69.     Plaintiff proposes the following class under the FLSA:

> **All Certified Nursing Assistants who worked over thirty-nine hours in any week within the past three years.**

70.     In conformity with the requirements of FLSA Section 16(b), each Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

71.     The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

72.     The members of the proposed FLSA class are similarly situated in that they share these traits:

    A.     They were paid hourly;

    B.     They were eligible for and received nondiscretionary bonuses;

    C.     They were subject to Defendant's common policy of requiring them to work off the clock for staff meetings and/or donning and doffing;

D. They were subject to Defendant's common policy of rounding their time in favor of Defendant;

E. They worked over forty hours in at least one week in which they performed work related to a bonus;

F. They were subject to Defendant's common policy of failing to pay a proper overtime rate for hours worked over forty in a week; and

G. They had the same or substantially similar job duties and requirements.

73. Plaintiffs are unable to state the exact number of the collective but believe that the collective exceeds fifty persons.

74. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

75. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

76. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.  FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of the FLSA)

77. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

78. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

79. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

80. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

81. Defendant classified Plaintiffs as non-exempt from the requirements of the FLSA.

82. Despite Plaintiffs' entitlement to overtime payments under the FLSA, Defendant failed to pay Plaintiffs 1.5x their regular rate for all hours worked in excess of 40 per week.

83. Defendant knew or should have known that its actions violated the FLSA.

84. Defendant's conduct and practices, as described above, were willful.

85. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

86. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

87. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

88. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

89. Plaintiffs assert this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

90. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

91. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

92. Defendant classified Plaintiffs and other similarly situated employees as non-exempt from the overtime provisions of the FLSA.

93. Defendant failed to pay Plaintiffs and similarly situated employees 1.5x their regular rate for all hours worked in excess of 40 per week.

94. Defendant deprived Plaintiffs and similarly situated employees of compensation for all of the hours worked over forty per week, in violation of the FLSA.

95. Defendant knew or should have known that its actions violated the FLSA.

96. Defendant's conduct and practices, as described above, were willful.

97. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

98. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

99. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

### VIII.   THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of the AMWA)

100. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

101. Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq*.

102. At all relevant times, Defendant was Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

103. Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay 1.5x regular wages for all hours worked

over 40 in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

104. Defendant classified Plaintiffs as non-exempt from the requirements of AMWA.

105. Defendant failed to pay Plaintiffs overtime wages as required under the AMWA for all hours that Plaintiffs worked in excess of forty per week.

106. Defendant knew or should have known that its practices violated the AMWA.

107. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

108. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for, and Plaintiffs seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

## IX.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Anthony Hogan and Cassandra Hogan, each individually and on behalf of all others similarly situated, respectfully pray that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the AMWA, and their related regulations;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. Judgment for damages suffered by Plaintiffs and others similarly situated for all unpaid overtime wages under the FLSA, the AMWA and their related regulations;

D. Judgment for liquidated damages owed to Plaintiffs and all others similarly situated pursuant to the FLSA, the AMWA, and their related regulations;

E. An order directing Defendant to pay Plaintiffs and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**ANTHONY HOGAN and
CASSANDRA HOGAN,
Each Individually and on
Behalf of All Others Similarly
Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ April Rhéaume*
April Rhéaume
Ark. Bar No. 2015208
april@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com