IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ANTHONY HOGAN and CASSANDRA HOGAN                              PLAINTIFFS
*Individually and on behalf of all others*
*similarly situated*

v.                                         Civil No. 6:20-cv-06130

HOT SPRINGS NURSING AND
REHABILITATION, LLC                                            DEFENDANT

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the Joint Motion to Dismiss and for Approval of Settlement Agreement. ECF No. 91.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Robert T. Dawson referred this Motion to this Court for the purpose of making a report and recommendation.  The Court held a hearing on this matter on November 17, 2022.  In accordance with that referral, the Court finds this Motion is ripe and should be **GRANTED**.

**I.    Background:**

On November 12, 2020, the named Plaintiffs[1] filed this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. and under the Arkansas Minimum Wage Act ("AMWA"), ARK. CODE ANN. §§ 11-4-201 et seq.  ECF No. 1.  Plaintiffs bring this action individually and on behalf of all others similarly situated against Defendant for violations of the FLSA and the AMWA.

Plaintiffs claim they were employed by Defendant as Certified Nursing Assistants ("CNA").  During their employment, Plaintiffs claim they, at times, worked over forty hours a week and were entitled to "time-and-one-half" additional pay.  In calculating their overtime wages,

---

[1] Named Plaintiff Anthony Hogan passed away during the pendency of this action.  *See* ECF No. 86.

however, Plaintiffs claim Defendant did not include their regular bonuses.  As such, Plaintiffs claim they are entitled to this amount as damages.  Plaintiffs also claim they were not compensated for actions such as "donning and doffing personal protective equipment" prior to starting a work shift.  Plaintiffs' action has been conditionally certified as a collective action pursuant to 29 U.S.C. § 216(b).  ECF No. 31.

Plaintiffs have notified 260 current and former hourly employees of Defendant, and approximately 41 putative class members have submitted consents to join this action.[2]  *See* ECF Nos. 32-53.  The Parties have engaged in settlement negotiations and now submit this Joint Motion to Dismiss and for Approval of Settlement Agreement.  ECF No. 91.

## II.   <u>Applicable Law</u>:

Under the FLSA, "similarly situated" employees may bring an action to recover damages for "unpaid overtime compensation."  *See* 29 U.S.C. § 216(a)-(b).  The lawsuit may be brought "in behalf of himself or themselves and other employees similarly situated."  For a court to approve a settlement of a lawsuit under the FLSA, there must be a "bona fide" dispute.  *See, e.g., Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1355 (11th Cir. 1982).

## III.   <u>Discussion</u>:

This lawsuit has been conditionally certified as a collective action under 29 U.S.C. § 216(b).  ECF No. 31.  This Court finds no basis for modifying that conditional certification, and the Court finds this case may be settled as a collective action under the FSLA.  The Court also finds there is a "bona fide" dispute under the FLSA.  Plaintiffs claim they were not compensated for activities such as "donning and doffing personal protective equipment," and their overtime wages were not properly calculated and did not include all their compensation, including their

---

[2] Named Plaintiffs and those who have submitted consents in this action are collectively referred to as "Plaintiffs" in this action.

bonuses.  Defendant disputes these claims and this calculation, but Defendant now agrees to this settlement.

The Parties have submitted a damage calculation.  ECF No. 91-1.  In total, the settlement amount for Plaintiffs is $22,500.00.  This includes $2,400.00 for named Plaintiff Cassandra Hogan as a service award.[3]  Plaintiffs agree to dismiss all claims as a result of this settlement, including all claims under the FLSA and the AMWA.  ECF No. 92-1 ¶¶ 5-6.

Based upon this Court's review and after a hearing in this matter, the Court finds this settlement is reasonable and should be approved.  Named Plaintiffs and those who consented to join this action have waived all claims under the FLSA and AMWA against Defendant.  ECF No. 92-1 ¶¶ 5-6.

The Parties have also agreed to attorney's fees in the amount of $17,500.00.  Because these fees were negotiated separately from the collective settlement, the Court need not approve that negotiated fee.  *See Barbee v. Big River Steel, LLC,* 927 F.3d 1024, 1027 (8th Cir. 2019) (recognizing "[w]hen the parties negotiate the reasonable fee amount separately and without regard to the plaintiff's FLSA claim, the amount the employer pays to the employees' counsel has no bearing on whether the employer has adequately paid its employees in a settlement. . . . Thus, regardless of whether we read the statute as requiring approval for FLSA settlements, we do not read it as requiring approval of settled attorney's fees").  However, the Court finds this fee request is reasonable and should be approved.

## IV.   <u>Conclusion</u>:

**For the foregoing reasons, the Court recommends the Parties' settlement of $22,500.00 for damages to Plaintiffs be APPROVED as set out in the Settlement Agreement,**

---

[3] As noted in FN 1 above, the other named Plaintiff, Anthony Hogan, died during the pendency of this lawsuit. Accordingly, the service award is made solely to Cassandra Hogan.

and this case be **DISMISSED WITH PREJUDICE.  The Court also recommends, to the extent necessary, the Parties' agreement regarding a $17,500.00 attorney's fee be approved.**

Generally, the Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). During the hearing in this matter, however, the Parties waived this objection time-period, and the Court may immediately consider this Report and Recommendation.

ENTERED this 17th day of November 2022.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE